RAILROAD  v.  ODIL.

(*Nashville.*    January 20,  1896.)

1. COMMON CARRIER. *Deviation in route.*

A common carrier cannot justify a deviation in route, upon re-
fusal of a connecting carrier to receive freight on account of
a strike, without notice to the shipper and instructions from
him, where it appears that the goods could have been held and
properly cared for, without endangering their safety, until such
notice had been given and instructions received. (*Post, pp. 62–65.*)

Case cited and approved : Railroad v. Campbell, 7 Heis., 261.

2. SAME.  *Sale of goods by.*

A common carrier cannot justify the sale of perishable freight
which is obstructed in the course of its shipment by a strike,
without notice to the shipper and instructions from him, when
it appears that such notice could have been given and instruc-
tions obtained without inconvenience to the carrier or causing
any delay that would have endangered the safety of the goods.
(*Post, p. 65.*)

3. SAME.  *Liability for loss caused by substituted carrier.*

A common carrier who unjustifiably substitutes another connect-
ing carrier for the one named in the bill of lading, becomes in-
surer for the substituted carrier, and liable for loss of the goods
while in the latter's possession, even by inevitable casualties.
And the shipper does not waive his right to recover from
original carrier by making an effort, at its instance, to hold
the substitute carrier.   (*Post, p. 64.*)

---

FROM  DAVIDSON.

---

Appeal  in  error  from  Circuit  Court  of  Davidson
County.   J.  W.  BONNER,  J.

BAXTER SMITH for Railroad.

M. T. BRYAN for Odil.

WILKES, J.   This action was brought before a
Justice of the Peace to recover damages for the loss
of 160 barrels of potatoes.   The cause, on appeal,
was tried in the Circuit Court, before the Circuit
Judge, without a jury, and, on request, he reduced
his findings to writing, and gave judgment for plaintiff
for $218.29 and costs, and the railroad appealed and
assigned errors.

The bill of lading, as well as the proof, shows
that the potatoes, at the plaintiff's direction, were
routed to go by the Louisville & Nashville Railroad
Company to Evansville, Ind., and from thence by the
Evansville & Terre Haute Railroad, and into Chicago
over the Chicago & Eastern Illinois Railroad.   The
potatoes were loaded on the cars at Nashville at about
5 o'clock in the evening on June 28, 1894.   They
left the depot at Nashville at 10:20 P.M., and reached
Evansville at 10 A.M. the next day.   The potatoes
were tendered to the Evansville & Terre Haute Rail-
road immediately upon their arrival, but that road
declined to take them, on account of a strike then
prevailing on the Chicago & East Illinois Railroad,
its Chicago connection.   Thereupon the Louisville &
Nashville Railroad Company delivered the potatoes to
the Peoria, Decatur & Evansville Railroad, which had
a line into Chicago, connecting with the Wabash Rail-
road at Sullivan, and running into the city over that

road.    This road, at that time, was open to Chicago,
and was as well equipped and expeditious as the road
over which plaintiff had routed the potatoes, and was
in no sense inferior.    After the potatoes had been
delivered to that road, and had started upon their
transit, the strike spread to the Wabash road, and
that road refused to receive the potatoes on their
arrival at Sullivan, the junction point.    The potatoes
were thereupon taken back to Peoria, and placed in
the hands of a warehouseman and sold for the rail-
road, upon the idea and belief that, being perish-
able, this disposition was the best for the shipper
and other persons concerned.   No notice was given
the plaintiff that the Evansville & Terre Haute Rail-
road had refused to receive the potatoes at Evans-
ville, or that they had been sent over the Peoria
road, or that they had been diverted to and sold
at Peoria, until some days after the shipment.
When informed of the sale, plaintiff refused to ac-
cept the proceeds.    Plaintiff had another car of po-
tatoes ready to ship the next morning, and had
delivered them to be carried by the same route to
the same destination, but about noon of that day
the agent of the defendant road notified the plain-
tiff that no more freight would be received to pass
over the Terre Haute route, except the shipments
were made subject to delay.    Although this notice
was given in regard to the second car of potatoes
then ready for shipment at Nashville and loaded on
the cars, no statement was made or information

given as to the deviation in the route of the car shipped the previous evening. The plaintiff states that he made no inquiry as to that shipment, supposing that it had left Nashville by the first train, at 6 P.M., and was well on its way to its destination.

It is insisted in the assignment of errors that, under the facts in this case, an emergency had arisen which justified a deviation in route, inasmuch as the one chosen by the shipper was closed by a strike, and the other, equally good, was open. There is no doubt that when, in case of an unforeseen necessity, the safety of the shipment demands it, a deviation from the route agreed upon with the shipper may be made, and will be justifiable, as, for instance, forwarding perishable freight by rail when a storm prevents a boat from proceeding upon its voyage. But, where the goods can be properly cared for and held until the shipper can be communicated with, the carrier will not be justified in selecting another route, without notice to him and instructions from him. Ray on Freight Carriers, Sec. 81; Hutchison on Carriers, Sec. 14. See, also, *Railroad* v. *Campbell*, 7 Heis., 261. Unless justified by urgent circumstances, a deviation by the carrier will render it responsible for losses resulting, even from inevitable casualties, and the original carrier becomes, in effect, an insurer for the line he selects. Ray on Freight Carriers, Sec. 79; Hutchison on Carriers, Sec. 314.

It clearly appears in this case that the plaintiffs could have easily been consulted by letter or wire,

Railroad v. Odil.

and their instructions taken, when it was found that the route selected was closed at Evansville, and the shipment safely held in the meantime; and, failing to do this, the defendant road must be held to be liable for any injury resulting upon the substituted route. It also clearly appears that the freight was not of such perishable nature as to necessitate the immediate transshipment, without notice to plaintiff, to another route, in order to prevent their loss. The potatoes, it is shown, would have kept for several weeks without material injury or loss, though, upon this point, there is considerable conflict of testimony. It is, however, shown as a fact that the potatoes loaded at Nashville and not shipped, remained on the cars for several weeks, and until the strike terminated, without injury. The failure subsequently to notify plaintiff that his potatoes had been sent to Peoria, and ordered sold, was also a dereliction of duty which would render the carrier liable for damages.

It is insisted that plaintiff should not recover because he made an effort to secure payment for his loss from the Peoria road, on which the transshipment was made. It sufficiently appears that this was done at the instance of the agent of the Louisville & Nashville Railroad, and with the assurance that it should not prejudice plaintiff's claims against that road.

We think, upon the facts of this case, that there is no error in the judgment of the Court below, and it is affirmed, with costs.